UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

THE STANDARD FIRE INSURANCE
COMPANY,

     Plaintiff,

vs.                                                                     Case No.: 8:26-cv-01661

TREVOR HENRY and
ODELMIS ACOSTA CRESPO,

     Defendants.

_____/

## **COMPLAINT FOR DECLARATORY RELIEF**

Plaintiff, The Standard Fire Insurance Company ("Standard Fire"), files this Complaint for Declaratory Relief against Defendants Trevor Henry and Odelmis Acosta Crespo.

## **JURISDICTION**

1. This is an action for declaratory relief pursuant to 28 U.S.C. § 2201.

2. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332 because the controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States.

3. There is complete diversity of citizenship.

4. Pursuant to 28 U.S.C. § 1332(c)(1), Standard Fire is a company organized under the laws of the State of Connecticut and the principal place of business is in Hartford, Connecticut. Thus, Standard Fire is a citizen of Connecticut.

5. Trevor Henry is a citizen of Florida.

6. Odelmis Acosta Crespo is a citizen of Florida.

7. Venue is proper because this action arises out of a motor vehicle accident that occurred in Hillsborough County, Florida; both defendants reside in this district; and the case involves an underlying lawsuit filed in the Thirteenth Judicial Circuit in and for Hillsborough County, Florida.

## THE INSURANCE POLICY

8. Standard Fire issued **Automobile Policy** number 602161933 203 1 to Paul Henry. **Ex. A.**

9. The **Automobile Policy** provided bodily injury liability coverage in the amount of $250,000 per person and $500,000 per accident.

10. Standard Fire issued **Umbrella Policy** number 602169312 311 7 to Paul Henry. **Ex. B.**

11. The **Umbrella Policy** provided liability limits of $1,000,000.

12. Trevor Henry is not a named insured under either policy.

13. The **Automobile Policy** provides:

> A. We will pay damages for "bodily injury" (if you buy Coverage A) or "property damage" for which any "insured" becomes legally responsible because of an auto accident. Damages include prejudgment interest awarded against the "insured".
>
> We will settle or defend, as we consider appropriate, any claim or suit asking for damages related to claims that are within the scope of the Liability Coverage you bought from us. In addition to our limit of liability, we will pay all defense costs we incur. Our duty to settle

or defend ends when our limit of liability for the applicable coverage has been exhausted by payment of judgments or settlements.

We have no duty to defend any suit or settle any claim for "bodily injury" or "property damage" not covered under this policy.

14. The **Automobile Policy** defines "insured."

B. "Insured" as used in this Coverage Section means:

1. You or any "resident relative" for the ownership, maintenance or use of any auto or "trailer".

2. Any person using "your covered auto".

3. For "your covered auto", any person or organization but only with respect to legal responsibility for acts or omissions of a person for whom coverage is afforded under this Coverage Section.

4. For any auto or "trailer", other than "your covered auto", any other person or organization but only with respect to legal responsibility for acts or omissions of you or any "resident relative" for whom coverage is afforded under this Coverage Section. This provision (4.) applies only if the person or organization does not own or hire the auto or "trailer".

15. The **Automobile Policy** defines "your covered auto."

L. "Your covered auto" means:

1. Any vehicle shown in the Declarations.
2. A "newly acquired auto".
3. Any "trailer" you own.
4. Any private passenger auto, sport utility vehicle, pickup, van or "trailer" you do not own while used as a temporary substitute for any other vehicle described in this definition which is out of normal

use because of its:

> a. Breakdown;
> b. Repair;
> c. Servicing;
> d. Loss; or
> e. Destruction.

This provision (L.4.) does not apply to the Damage To Your Auto Coverage Section.

16. The **Automobile Policy** defines "resident relative."

J. "Resident relative" means a person related to you by blood, marriage or adoption who is a resident of your household. This includes a ward or foster child. Your unmarried dependent children, wards, and foster children while temporarily away from home will be considered residents if they intend to resume residing in your household. This definition does not apply under the Personal Injury Protection Coverage Section.

17. The **Umbrella Policy** provides:

In return for payment of premiums when due, and subject to the terms of this policy, we will pay damages for which the "insured" becomes legally responsible due to "bodily injury", "property damage", or "personal injury" caused by an "occurrence".
...

1.  We will defend an "insured" if sued as a result of an "occurrence" covered by this policy even if the suit is groundless, false, or fraudulent...

18. The **Umbrella Policy** defines insured:

**E. "Insured"** means:
1. You; but, with respect to your use of an "auto" you do not own which is furnished or available for your regular use, only if you are insured for your use of that "auto" under one or more "primary insurance" policies for not less than the auto liability deductible amount shown in

4

Part IV of this policy;

2. Any "family member" if such "family member":

> a. Is legally responsible for an "occurrence" covered under this policy; and

> b. Is also insured for such "occurrence" under one or more "primary insurance" policies for not less than the applicable deductible amount shown in Part IV of this policy.

3. Any other persons or organizations insured for the "occurrence" in your "primary insurance" policies, but only for their liability for the acts or omissions of an "insured" under Parts 1 or 2 of this definition.

19. The **Umbrella Policy** defines "family member."

> **D. "Family member"** means a resident of your household who is:

> 1. Your relative, including your ward or foster child; or
> 2. Under the age of 21 and in your care or the care of any person named in 1. above.

## THE ACCIDENT

20. On September 19, 2021, Trevor Henry was involved in a motor vehicle accident with a vehicle occupied by Odelmis Acosta Crespo.

21. At the time of the accident, Trevor Henry was operating a 2017 Grand Cherokee.

22. The Grand Cherokee was owned by Trevor Henry.

23. The 2017 Grand Cherokee was not a vehicle listed in the Declarations of the **Automobile Policy** and did not otherwise qualify as "your covered auto."

24. At the time of the accident, Trevor Henry was not a resident of Paul Henry's

household.

25. Trevor Henry moved out of Paul Henry's house permanently in 2015, married, and established his own household. This was relayed by Trevor Henry in a recorded statement given to Standard Fire.

26. Trevor Henry was not a "resident relative" of Paul Henry as defined by the **Automobile Policy.**

27. Trevor Henry was not a "family member" of Paul Henry as defined by the **Umbrella Policy.**

28. Trevor Henry does not otherwise qualify as an insured under the **Automobile Policy.**

29. Trevor Henry does not otherwise qualify as an insured under the **Umbrella Policy.**

## THE UNDERLYING ACTION

30. Odelmis Acosta Crespo filed a lawsuit against Trevor Henry in the Circuit Court of the Thirteen Judicial Circuit in and for Hillsborough County, Florida, Case No. 24-CA-010217 ("the Underlying Action").

31. The complaint in the Underlying Action alleges that on September 19, 2021, Trevor Henry negligently operated his motor vehicle so that it collided with the motor vehicle occupied by Odelmis Acosta Crespo causing injury.

32. Odelmis Acosta Crespo has demanded that Standard Fire pay $250,000.

33. The complaint in the Underlying Action does not allege where or with whom Trevor Henry resided.

## REQUEST FOR DECLARATORY RELIEF

34. Standard Fire is providing Trevor Henry a defense in the Underlying Action.

35. However, Standard Fire has no duty or indemnify to defend Trevor Henry because he is not an "insured" under the **Automobile Policy.**

36. Standard Fire has no duty or indemnify to defend Trevor Henry because he is not an "insured" under the **Umbrella Policy.**

37. Standard has a present need for a declaration as to whether or not Trevor Henry is an insured for purposes of the Underlying Action.

38. Standard has a present need for a declaration as to whether or not Standard Fire has a duty to defend or indemnify Trevor Henry in the Underlying Action.

39. An actual, present controversy exists between Standard Fire and the Defendants.

40. Standard Fire is in doubt as to its responsibilities to Trevor Henry in the Underlying Action.

41. A declaratory judgment would serve a useful purpose in settling the parties' legal obligations and would afford relief from the uncertainty, insecurity, and controversy giving rise to the proceedings.

WHEREFORE, Standard Fire requests:

    A.    A declaration that Trevor Henry is not an insured under the **Automobile Policy.**

B.   A declaration that Standard Fire has no duty to defend Trevor Henry in the Underlying Action under the **Automobile Policy.**

C.   A declaration that Standard Fire has no duty to indemnify Trevor Henry in the Underlying Action under the **Automobile Policy.**

D.   A declaration that Trevor Henry is not an insured under the **Umbrella Policy.**

E.   A declaration that Standard Fire has no duty to defend Trevor Henry in the Underlying Action under the **Umbrella Policy.**

F.   A declaration that Standard Fire has no duty to indemnify Trevor Henry in the Underlying Action under the **Umbrella Policy.**

G.   Such other and further relief as to which the Court deems appropriate.

**<u>DEMAND FOR JURY TRIAL</u>**

Standard Fire requests a jury trial.

BUTLER WEIHMULLER KATZ CRAIG LLP

/s/ Matthew J. Lavisky

MATTHEW J. LAVISKY
Florida Bar No.: 48109
mlavisky@butler.legal
400 N. Ashley Drive, Suite 2300
Tampa, Florida  33602
Telephone:  (813) 281-1900
Facsimile:    (813) 281-0900
*Counsel for Standard Fire*